**WOLFE, Plaintiff-Appellee, v. HORN'S Inc., Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1840.  Decided May 9, 1945.

78

Baggott & Johnston, Dayton, for plaintiff-appellee.
Kusworm & Kusworm, Dayton, for defendant-appellant.

## OPINION

By HORNBECK, P. J.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County affirming a judgment of the Municipal Court of the City of Dayton, Ohio, in favor of the plaintiff and against the defendant in the sum of $134.47 and costs.

The action of the trial court was for damages for breach of an express warranty alleged to have been made by defendant through its saleslady in the sale of a fur coat to the plaintiff on the 12th of December, 1942.

Nine errors are assigned, all of which may be encompassed in three; one, that the judgment is against the manifest weight of the evidence, contrary to law and that the

trial court erred in the exclusion of certain testimony offered by the defense on cross-examination.

The last assignment may quickly be disposed of upon two grounds, first, it asked for the opinion of a witness other than the plaintiff as to whether or not certain statements of the saleslady were merely her opinions or representations on behalf of her principal. This was an ultimate question for the determination of the trier of the facts. Second, no objection was noted to the ruling of the trial judge.

The other two assignments may be considered jointly. The plaintiff alleged that she purchased a "Chinese Caracul" fur coat which the defendant warranted to be of first class quality and condition and to be sound and merchantable goods in every respect and free from imperfections and that specifically it was not such coat as it was warranted to be. The defendant in its statement of defense averred that the plaintiff carefully examined and inspected a "Chinese Kid Dyed Caracul" coat, that it agreed it would keep the fur and lining in said coat in repair for a season after the date of its purchase, but denied that it made any other warranty or representation concerning said coat. Further that the coat when accepted by the plaintiff was of first class quality and condition and was sound and merchantable and free from imperfections, and that if the coat became imperfect, unmerchantable and wholly unfit for use it was through no fault of the defendant but due to some intervening agency or condition outside the knowledge or control of the defendant; that the plaintiff wore, used and abused said coat for a period of approximately two months, and then insisted upon returning it to said defendant and receiving from defendant the purchase price of said coat which offer and request, the defendant refused.

The plaintiff testified and the trial judge found, not only in his written opinion but by a finding entry, with the plaintiff in all material factual averments. To be specific the court found, first, that when the plaintiff purchased the coat she was not told that it was highly perishable, and would not stand any ruggedness or weather; but was told that the coat was sound; that it would make her a good coat and would wear well; that the coat, when sold, was not of first-class quality and condition and sound and merchantable goods in every respect, and free from every imperfection; that if this were true, at the time it was sold, the coat should have lasted more than two (2) months, having been worn approximately twelve (12) times.

The court further found that the plaintiff relied solely

upon the warranty of the defendant; that there had been a breach of the warranty; that the coat is of no value to the plaintiff and that she is entitled to recover $134.47 with costs.

This is a typical case wherein the principal witnesses for the respective parties are in complete and positive difference upon the controlling facts. It was the province of the trial judge to evaluate the testimony and having done so, of resolving it in favor of the plaintiff. There is nothing in this record which would require us to hold that the trial judge manifestly diregarded the weight of the evidence or violated any principle of law in finding for the plaintiff and entering judgment in her behalf.

The plaintiff's claim is that the coat which she purchased was represented to her as a Chinese Caracul fur coat. This is not made the subject of an express warranty but it was an inducing cause in the purchase of the garment. All of the testimony is to one effect, namely, that the coat was not a Chinese Caracul coat but some witnesses said it might properly be characterized as Chinese Caracul Dyed Kidskin. All agreed that unless the full designation was stated it was not a proper designation of the quality of fur in the garment. There is no variance in the testimony of the experts, nor of the saleslady of defendant, to the effect that the garment which was sold would not stand hard wear in the weather but that it was a highly perishable fur. It further appeared that proper salesmanship would have required that the purchaser be told that it was a perishable garment. This was conceded by the testimony of the saleslady who insisted that she so represented the garment. No witness, with possibly one exception, would say that friction wear would have caused the coat to be in the condition in which it appeared at the time of the trial.

The trial judge had the advantage of observation of the coat and stated in his written opinion that there were places where the fur was missing which could not be accounted for by reason of friction wear.

The gist of this case is found in the claim of the plaintiff that she bought a fur coat which was expressly warranted to stand all weather. If this statement was made then the plaintiff did not get that which she purchased and there was a breach of the express warranty. This was not language which can be characterized as puffing, or sales talk, although much that was imputed to the saleslady could be so characterized.

The trial judge carefully discerned the determinative question in this language:

"The sole question is what was warranted plaintiff at the time of the purchase."

The plaintiff purchased what was represented to her to be one type of fur coat with definite wearing quality and her proof establishes that she was sold another kind of fur coat with inferior wearing quality.

It is urged that the court adopted an improper measure of damages. This is covered by the language of the controlling statute, §§8392 and 8449 GC, the Sales Act, the latter section provides—

"1. (d) When there is a breach of warrant by the seller, the buyer may, at his election * * * if the goods have already been received, return them or offer to return them to the seller and recover the price ** * * which has been paid."

The judgment will be affirmed.

GEIGER and MILLER, JJ., concur.